# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MAKSYM FEDORCHUK,<br>on behalf of himself and all others similarly situated,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>V.I.P., INC., d/b/a/ VIP TIRES AND SERVICE,<br><br>　　　　　　　　　　Defendant. | Massachusetts Superior Court<br>Suffolk County<br>Civil Action No. 2584-CV-00061-BLS1<br><br>**Jury Trial Demanded** |

## NOTICE OF REMOVAL

Defendant V.I.P., Inc. ("VIP") hereby removes this action, currently pending in Massachusetts Superior Court, Suffolk County, Case No. 2584-CV-00061-BLS1, to the United States District Court for the District of Massachusetts, pursuant to 28 U.S.C. §§ 1332(d), 1446, and 1453, on the grounds that federal diversity jurisdiction exists under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d)(2).

## NATURE OF THE ACTION

1. On January 9, 2025, Plaintiff Maksym Fedorchuk, a resident of Boston, filed a Class Action Complaint against VIP in Massachusetts Superior Court, Suffolk County. That complaint was not served on VIP, and VIP did not waive service.

2. On April 3, 2025, Plaintiff filed a First Amended Class Action Complaint ("FAC"). VIP waived service on April 8, 2025.

3. A copy of the FAC and Waiver of Service are attached as **Exhibit A**.

4. Plaintiff bought tires, a tire warranty, and an alignment service from a VIP store in Brookline, Massachusetts in the spring of 2024. FAC ¶¶ 2, 15, 18. He claims that the VIP tire warranty (called "Tire Maintenance Plus") did not provide meaningful protection beyond the tire manufacturer's warranty that came automatically with the tires, the alignment was not performed on all four tires, his tires were manufactured more than a year before he bought them (and therefore were not "new"), he was deceptively charged a "shop fee," and he was improperly induced to patronize VIP based on online reviews. *Id.* ¶ 1.

5. Plaintiff contends that each of these practices violates M.G.L. c. 93A, § 9. *Id.* ¶¶ 216-244. He also brings claims for breach of contract and unjust enrichment. *Id.* ¶¶ 179-215.

## THIS CASE IS REMOVABLE UNDER CAFA

6. CAFA provides for federal jurisdiction over a putative class action when there is: (1) minimal diversity; and (2) more than $5 million in controversy. 28 U.S.C. §§ 1332(d)(2).

**A.     Minimal Diversity of Citizenship Exists**

7. Minimal diversity under CAFA exists when any member of the putative class is a citizen of a state different from any defendant. 28 U.S.C. §§ 1332(d)(2)(A).

8. A corporation is a citizen of every state in which it is incorporated and has a principal place of business. *See* 28 U.S.C. § 1332(c)(1).

9. VIP is incorporated in Maine and its headquarters and principal place of business are also in Maine. FAC ¶ 3. Therefore, VIP is a citizen of Maine.

10. As alleged in the FAC, Plaintiff "is an individual residing in Boston, Massachusetts." *Id.* ¶ 2. Therefore, Plaintiff is a citizen of Massachusetts. *See BRT Mgmt. LLC v. Malden Storage LLC*, 68 F.4th 691, 696-97 & n.8 (1st Cir. 2023) (equating residency with citizenship for purposes of diversity jurisdiction when the complaint is silent about citizenship).

11. Accordingly, minimal diversity exists because at least one of the alleged members of the putative class—Plaintiff himself—is a citizen of a state different from VIP.

**B.     The Amount In Controversy Exceeds $5,000,000**

12. The amount in controversy in this lawsuit exceeds $5,000,000 exclusive of interest and costs, as required by CAFA. *See* 28 U.S.C. § 1332(d)(2).

13. To determine whether the amount in controversy exceeds $5,000,000, "the claims of the individual class members shall be aggregated." *Id.* § 1332(d)(6). In other words, the Court must "determine whether it has jurisdiction by adding up the value of the claim of each person who falls within the definition of [the] proposed class and determine whether the resulting sum exceeds $5 million." *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013). The "pertinent question is what is in controversy in the case, not how much the plaintiffs are ultimately likely to recover." *Amoche v. Guarantee Trust Life Ins. Co.*, 556 F.3d 41, 48 (1st Cir. 2009).

14. "Because named plaintiffs purport to represent a class, their alleged damages provide an appropriate basis on which to calculate the damages of a typical class member." *Alper v. Select Portfolio Servicing, Inc.*, No. 1:19-cv-10436-DJC, 2019 WL 3281129, at *3 (D. Mass. July 19, 2019). Therefore, "[t]o ascertain the amount in controversy, a court may simply multiply (1) the putative class size by (2) a class member's typical damages." *Sierra v. Progressive Direct Ins. Co.*, No. 1:12-cv-30020-FDS, 2012 WL 4572923, at *2 (D. Mass. Sept. 28, 2012) (citing *Manson v. GMAC Mortgage, LLC*, 602 F. Supp. 2d 289, 294 (D. Mass. 2009)).

15. For purposes of its notice of removal, VIP need only make a "plausible allegation" that the amount in controversy exceeds $5,000,000. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Evidence is required only if Plaintiff contests removal. *Id.* If

contested, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 88.

16. Plaintiff proposes the following five classes:

- Massachusetts customers who, at any point in the six years preceding the date on which this Complaint is filed: (i) bought tires from VIP from a manufacturer that included road hazard coverage as part of its manufacturer's warranty; and (ii) were charged for VIP's Tire Maintenance Plus warranty. (The "Warranty Class, each individual a "Warranty Class Member"). FAC ¶ 111.

- Massachusetts customers who were sold a four-wheel alignment by VIP and received only a two-wheel alignment and/or no alignment at any point in the six years preceding the date on which this Complaint is filed. (The "Alignment Class," each such individual an "Alignment Class Member"). *Id.* ¶ 128.

- Massachusetts customers who purchased new tires from VIP that were actually more than a year old, at any point in the six years preceding the date on which this Complaint is filed (the "New Old Stock Class," each such individual a "New Old Stock Class Member"). *Id.* ¶ 138.

- Massachusetts customers who were charged a "shop fee" at any point in the six years preceding the date on which this Complaint is filed. (The "Shop Fee Class," each individual a "Shop Fee Class Member"). *Id.* ¶ 149.

- Massachusetts customers who were lured into VIP's stores by online reviews that were procured by incentives in exchange for writing positive reviews at any point in the three years preceding the date on which this Complaint was filed. (The "Online Review Class," each individual a "Online Review Class Member"). *Id.* ¶ 168.

17. For the Warranty Class, Plaintiff claims the Maintenance Plus Warranty "was worth little or nothing". *Id.* ¶ 122. Plaintiff paid $108 for the Maintenance Plus Warranty.

18. For the Alignment Class, Plaintiff claims the alignment he received "was worth less than the four-wheel alignment for which he paid (to the extent it was worth anything at all)." *Id.* ¶ 136. Plaintiff paid $114.99 for the alignment. *Id.* ¶ 17.

19. For the New Old Stock Tires Class, Plaintiff claims he "paid more for the tires VIP sold him than they were worth". *Id.* ¶ 147. Plaintiff paid $149.99 for each tire. *Id.* ¶ 15 (a total of $599.96 for four tires).

20. For the Shop Fee Class, Plaintiff claims the shop fee is "nothing of value" and "provided [] no benefits". *Id.* ¶¶ 161-163, 166. Plaintiff paid a $24.04 shop fee for his spring 2024 services at VIP. *Id.* ¶ 19.

21. For the Online Review Class, Plaintiff seeks $25 in minimum statutory damages on behalf of himself and members of the class, for each purported violation of M.G.L. c. 93A. *Id.* ¶ 177.

22. Plaintiff claims that his damages are "typical" of the damages incurred by all members of the five putative classes. *Id.* ¶¶ 126, 136, 147, 166, 177.

23. Plaintiff claims that each class is comprised of "thousands" of class members (which means at least two thousand people in each class). *Id.* ¶ 112 ("[T]here are thousands of Warranty Class Members."); ¶ 132 (same; Alignment Class); ¶ 143 (same; New Old Stock Class); ¶ 150 (same; Shop Fee Class); ¶ 169 (same; Online Review Class).

24. Based on the six-year timeframe asserted in the class definitions, *id.* ¶¶ 111, 128, 138, 149, VIP has reviewed its sales data from its Massachusetts retail locations since January 1, 2019.

25. That data confirms that each class is comprised of **at least** two thousand people. For example, approximately 28,000 alignments were sold, and approximately 9,000 Tire Maintenance Plus warranties were sold for tires that included some level of road hazard coverage as part of the manufacturer's warranty.

26. That data, in addition to the allegations in Plaintiff's FAC, puts **at least** approximately $2,795,000 in controversy based on: (1) the amount of charges for Tire Maintenance Plus warranties for tires that included some level of road hazard coverage as part of the manufacturer's warranty; (2) at least two thousand putative Alignment Class members multiplied by $114.99, the amount Plaintiff paid for his alignment; (3) the number of tires that were manufactured more than one year (i.e., at least 53 weeks) before they were sold, multiplied by 20% of the price Plaintiff paid per tire (i.e., 20% of $149.99 = $29.99 per tire), which is consistent with the overpayment theory Plaintiff articulated in his purported M.G.L. c. 93A demand letter; (4) the amount of shop fee charges; and (5) at least two thousand putative Online Review class members multiplied by $25, the statutory minimum under M.G.L. c. 93A.

27. Plaintiff seeks treble damages for each of his M.G.L. c. 93A claims. *See* FAC Prayers for Relief, ¶ D; *Lee v. Conagra Brands, Inc.*, 958 F.3d 70, 75 (1st Cir. 2020) (considering c. 93A treble damages as part of CAFA amount-in-controversy analysis).

28. Trebling $2,795,000 increases the amount in controversy to $8,385,000.

29. Plaintiff also seeks attorneys' fees, including those authorized under M.G.L. c. 93A. *Crandall, Tr. of Crandall Realty Tr. v. Travelers Pers. Sec. Ins. Co.*, No. 1:23-cv-12112-GAO, 2024 WL 199649, at *1 (D. Mass. Jan. 18, 2024) ("The amount in controversy includes statutorily authorized attorneys' fees"). This further increases the amount in controversy.

30. As a result, the CAFA jurisdictional threshold is satisfied.

## VIP HAS COMPLIED WITH ALL PREREQUISITES FOR REMOVAL

31. In accordance with 28 U.S.C. § 1446(a), a copy of all other process, pleadings and orders received by VIP during the pendency of the action in Massachusetts Superior Court are attached collectively as **Exhibit B**.

32.     VIP executed a waiver of service of a summons for the FAC on April 8, 2025. Accordingly, this Notice of Removal, filed on May 7, 2025, is timely filed within the thirty (30) day time frame provided by 28 U.S.C. § 1446(b).

33.     Pursuant to 28 U.S.C. § 1446(a), VIP will contemporaneously give Plaintiff written notice of this filing and file a copy of this Notice of Removal with the Superior Court of Suffolk County, Massachusetts.

34.     VIP reserves the right to amend or supplement this Notice of Removal and it reserves all rights and defenses, including those available under Federal Rule of Civil Procedure 12.

35.     VIP requests a jury trial in this case.

## **CONCLUSION**

36.     For all the reasons stated above, this action is a civil action over which this Court has original jurisdiction pursuant to 28. U.S.C. § 1332(d).

WHEREFORE, VIP respectfully removes this case to the United States District Court for the District of Massachusetts.

May 7, 2025

Respectfully submitted,

*/s/ Thomas J. Sullivan*
Thomas J. Sullivan (# 625030)
SHOOK, HARDY & BACON L.L.P.
One Federal Street, Suite 2620
Boston, MA  02110-2012
Telephone:  617-531-1411
Facsimile: 617-531-1602
tsullivan@shb.com

***Attorney for Defendant***

**CERTIFICATE OF SERVICE**

      I, Thomas J. Sullivan, hereby certify that on this 7th day of May, 2025, I served a copy of the foregoing via email and first class mail, postage pre-paid, addressed to:

John P. Regan  
Jeffrey Strom  
REGAN STROM  
185 Devonshire, Suite 200  
Boston, MA  02110  
jregan@reganstrom.com  
jstrom@reganstrom.com  

                                        */s/ Thomas J. Sullivan*  
                                        Thomas J. Sullivan